UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUSTIN AITKEN, | ) | 1:04CV1748 |
| | ) | |
| Petitioner | ) | JUDGE LESLEY WELLS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY COMMON | ) | |
| PLEAS PROBATION | ) | |
| PRE-RELEASE DEPT., | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Austin Aitken ("Aitken") has filed a petition pro se for a writ of habeas corpus regarding his 1999 felony convictions for forgery and receiving stolen property, in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.) Aitken is apparently raising three grounds for relief in his petition:

> 1. Violation of my civil and other rights of law under the Constitution. My rights to be free and release in a proper timely like fashion is my rights being I served my sentence and had served my probation period of time even w/ extensions, so there's no true grounds for holding me.
>
> 2. "Due process of law." Stating my rights to proper legal representation by a lawyer and if I can't afford one the court is suppose to see to it I am represented by counsel as far as that counsel is needed periodically.
>
> 3. Judge authority is overly bearing beyond sentence itself. If term of sentence is over and served, community control sanctions has expired then why am I still under supervision.

(Doc. 1, §§ 12.A.-12.C.) The first and third grounds concern the term of probation which he received at his sentencing, while the second relates to Aitken's contention that he is entitled to counsel to pursue his claims (see, e.g., doc. 14, at [3].)

The respondent contends that the petition should be dismissed with prejudice for several reasons:

> a) the doctrine of *res judicata* prohibits litigation of claims that have already been decided by this court, 2) this petition has not been timely filed under the applicable statute of limitations, 3) the state appellate court's judgment was not contrary to or an unreasonable application of clearly established federal law, and 4) petition fails to set forth any coherent claim for relief.

(Doc. 11, at [3].)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> Austin Q. Aitkens[1] appeals from sentences imposed by the common pleas court in four separate cases where he had been convicted of four separate fifth-degree felonies: at the same sentencing hearing, in Case Nos. CR-372875 and CR-375951, the court imposed consecutive terms of one-year incarceration for each forgery conviction, but in Case Nos. CR-377874 and CR-378878, the court imposed four years of community control sanctions for receiving stolen property and forgery. On appeal, Aitkens argues the court, in effect, found him both amenable and, at the same time, not amenable to community control, and he claims these are mutually exclusive findings and he cannot be both amenable and not amenable to community control sanctions because all four cases involved the forgery of checks. After reviewing the record and the provisions of R.C. 2929.13, we have concluded that the court properly

---

[1] The appellate court decision refers throughout to the petitioner as "Austin Q. Aitkens." The petitioner has filed his petition in this court under the name "Austin Aitken."

> exercised its discretion in imposing both prison terms and community control sanctions; accordingly, we affirm the judgment of the trial court.
>
> The record before us reveals that a grand jury indicted Aitkens in four separate cases; subsequently, he entered guilty pleas to single counts of forgery in Case Nos. CR-372875, CR-375951 and CR-378878 and to receiving stolen property in Case No. CR-377874, all felonies of the fifth degree. Thereafter, the court then sentenced him to maximum consecutive prison terms of one year each for the forgery convictions in CR-372875 and CR-375951 and imposed, upon his release from the penitentiary, community control sanctions for the forgery and receiving stolen property convictions in CR-378878 and CR-377874.

State v. Aitkens, No. 79851, 2002 WL 407898, at *1 (Ohio Ct. App. Mar. 14, 2002).

Aitken raised a single assignment of error on appeal: "The trial court erred in sentencing appellant to community control sanctions and a term of incarceration simultaneously, effectively finding that appellant both was and was not amendable [*sic*] to community control sanctions." Id.  As noted above, the court of appeals affirmed his conviction.

Aitken filed a civil rights action in this court against the respondent, under 42 U.S.C. § 1983, on Dec. 23, 2003.  That case also alleged that Aitken was being held improperly beyond the expiration of his sentence.  The court dismissed the action on Jan. 23, 2004, ruling that because Aitken was challenging the duration of his confinement, his sole federal remedy was a writ of habeas corpus.  See Aitken v. Court of Common Pleas Probation Dept./ Pretrial Services, No. 1:03cv2596 (N.D. Ohio Jan. 23, 2004) (order dismissing case).

Seven months later, Aitken filed this petition for a writ of habeas corpus on Aug. 27, 2004. (Doc. 1.) As of the filing date, Aitken presumably remained under community control, although neither party has explicitly addressed his status.[2]

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing

---

[2] Aitken attaches his "Expiration of Sentence," dated April 1, 2001, as an exhibit to doc. 12. That document notes that he has served his sentence of incarceration imposed in cases 37285 and 375951. However, as noted by the court of appeals, the trial court also "imposed, *upon his release from the penitentiary*, community control sanctions" for four years in cases 378878 and 377874. Aitkens, 2002 WL 407898, at *1 (emphasis added).

>legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

Aitken has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition is untimely, and should be dismissed. (Doc. 11, at [4].)  The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Ohio Court of Appeals ruled on Aitken's direct appeal on March 25, 2002. Aitken did not seek timely review by the Ohio Supreme Court within 45 days,

pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Aitken's conviction became "final" within the meaning of AEDPA on May 9, 2002. Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statue of limitations for filing his habeas petition was May 9, 2003.

Aitken did not file his petition until Aug. 27, 2004, over one year late. He provides no reason to excuse the late filing, other than to claim that the state's alleged violation of his rights "goes beyond time frame of filing any action." See generally doc. 14, at [4].

Aitken's previous action under Section 1983 does not toll the statute of limitations. See, e.g., Stover v. Idaho, No. 04-35451, 2005 WL 415175 (9th Cir. Feb. 7, 2005) (citing Duncan v. Walker, 533 U.S. 167 (2001)). In any event, his civil rights action was not filed until seven months after the May 9, 2003, limitation deadline as well.

The petition for a writ of habeas corpus was not filed within the statutory time limits, and should be dismissed.

### IV. RES JUDICATA

The respondent also argues that the petition should be dismissed on the basis of res judicata, referring to the earlier lawsuit in this court. (Doc. 11, at [5].) The respondent mischaracterizes that suit as an earlier petition for habeas corpus, which was "dismissed with prejudice." However, as noted above, the suit was brought under 42 U.S.C. § 1983, and the action was "dismissed without prejudice" under 28 U.S.C. §

1915(e).  See Aitken v. Court of Common Pleas Probation Dept./ Pretrial Services, No. 1:03cv2596 (N.D. Ohio Jan. 23, 2004) (order dismissing case).

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979).  See also Ohio Farmers Ins. Co. v. Hughes-Bechtol, Inc., No. C-3-91-230, 1993 WL 1367351, at *7 (S.D. Ohio Aug. 4, 1993) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)).  The doctrine of res judicata would not bar Aitken's petition, for several reasons.

Res judicata does not apply if there was no final judgment on the merits in the earlier suit.  A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect.  Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)) (dismissal under § 1915).  See also Recker v. Newcourt Credit Group, Inc., No. 02-2354, 2005 WL 513493 (6th Cir. Mar. 3, 2005) (citing Cooter & Gell, 496 U.S. at 396).  In Aitken's earlier case in this court, there was no judgment on the merits; instead, the dismissal was based on a failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e).

In addition, the present case is based on the habeas corpus statute, 28 U.S.C. § 2254, not the civil rights statute, 42 U.S.C. § 1983, thus this present case is not "based on the same cause of action," and not subject to res judicata.

V.  MERITS OF THE PETITION

The petition alleges that Aitken has not been released in a timely fashion, and that he has served his sentence.  (Doc. 1, at 5-6.)  He also argues that his due process rights have been violated, because he was not assigned counsel "as far as that counsel is needed period[ical]ly."  Id. at 5.  Insofar as his claims exceed what was presented to the state court of appeals, see supra, this court has no jurisdiction to consider any claims which were not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).

The respondent contends that the state court adjudication of the petitioner's claim was not contrary to, or an unreasonable application of, federal law.  (Doc. 11, at [6].  The appellate court decision upheld the trial court's sentence under Ohio law, finding that "the court properly exercised its discretion in imposing both prison terms and community control sanctions," as permitted by Ohio Rev. Code § 2929.13(A).  Aitkens, 2002 WL 407898, at *1.

Federal habeas relief is not available for a claimed violation of state law.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Conley v. Gilmore, 25 F.3d 1053, 1994 WL 175419, at *4 (7th Cir. 1994) (TABLE, text in WESTLAW).  Moreover, a federal court does not interfere with a state court's discretion in granting or denying probation.  Segura v. Ylst, 883 F.2d 1024, 1989 WL 99285, at *1 (9th Cir. 1989) (TABLE, text in WESTLAW) (citing Arketa v. Wilson, 373 F.2d 582, 583 (9th Cir. 1967)).  Where the sentence imposed is within the range prescribed by statute, habeas relief is not available on the grounds of its severity.  Conley, 1994 WL

175419, at *4 (citing United States ex rel. Sluder v. Brantley, 454 F.2d 1266, 1269 (7th Cir. 1972)).

As to his due process claim regarding a right to counsel, this argument was not fairly presented to the state courts.  However, the Due Process Clause does not require that counsel be provided beyond a criminal defendant's first appeal as of right.  Ross v. Moffitt, 417 U.S. 600 (1974); Douglas v. California, 372 U.S. 353 (1963).  Aitken was represented by counsel on his direct appeal.

Even if Aitken had filed his petition in a timely manner, his claims would not succeed on the merits.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied, because it was not filed within the statutory time limits.

### RECOMMENDATION

It is recommended that the petition be denied.

Dated:   July 20, 2005                     /s/ Kenneth S. McHargh
                                           Kenneth S. McHargh
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).